**Appeal Dismissed and Memorandum Opinion filed August 30, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00657-CR

**BRODERICK  RECHARD  STOKES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1384655**

## M E M O R A N D U M   O P I N I O N

Appellant Broderick Rechard Stokes pleaded guilty to burglary of a vehicle with intent to commit theft with two or more previous convictions. Appellant and the State agreed appellant's punishment would not exceed two years' imprisonment. On May 2, 2013, the trial court sentenced appellant in accordance with the terms of his agreement with the State. Appellant filed a notice of appeal on July 24, 2018.

We lack jurisdiction over this appeal for two reasons: the notice of appeal was not filed timely, and this is a plea bargain case with no appealable matters and

appellant has not been granted permission to appeal.

First, a defendant's notice of appeal must be filed within thirty days after sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a)(1). A notice of appeal that complies with the requirements of Rule 26.2 is essential to vest the court of appeals with jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. Under those circumstances it can take no action other than to dismiss the appeal. *Id.*

Appellant's notice of appeal was filed more than five years after sentence was imposed. Therefore, the appeal was not timely perfected, and we lack jurisdiction.

Second, in a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only matters raised by a written, pretrial motion or with the trial court's permission. Tex. R. App. P. 25.2(a)(2).

Appellant's punishment does not exceed the agreed length of confinement. The record does not contain any appealable pretrial rulings, and the trial court did not grant appellant permission to appeal.

Accordingly, we **DISMISS** the appeal.


PER CURIAM


Panel consists of Chief Justice Frost and Justices Boyce and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).